

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1347-09

### THE STATE OF TEXAS, Appellant

### v.

### ALFRED ISASSI

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS KLEBERG COUNTY

KELLER, P.J., filed a dissenting opinion in which PRICE and HOLCOMB, JJ., joined.

What is it that makes the effort to obtain special treatment illegal: is it what personally motivates a defendant, or is it what a defendant tells a public servant in order to persuade him? If a defendant tries to get his aunt's case dismissed because he wants to help his aunt, has he committed a crime? The Court says yes. I disagree. I think it is what the defendant says, not what he thinks, that makes an attempt to influence a public servant improper.

Section 240.2 of the Model Penal Code, entitled "Threats and Other Improper Influence in

Official and Political Matters" is comparable to our Penal Code § 36.03 (Coercion of Public Servant or Voter) and §36.04 (Improper Influence) together.[1]  There is a "congruence of rationale" between the Model Penal Code offense and the offense of bribery.[2]  The offense is "a complement to the crime of bribery" that reflects "a widespread judgment that *pressures* other than offer of benefit may obstruct the administration of justice."[3]  "Pressure" on a public servant obviously does not refer to what is in a defendant's mind; it refers to the nature of his interaction with the public servant.

Noting the close relationship between the model statute and our own, the Court quotes the drafters of the Model Penal Code, "[This offense is] designed to reach various means by which the integrity of government can be undermined."[4]  But presenting a public servant with entirely legal reasons for reaching a particular outcome is not an attack on the integrity of government.  A bribe attacks the integrity of government because money offered to an official may tempt him to decide an outcome on the basis of money rather than on considerations authorized by law.  Coercion attacks the integrity of government because a threat of force may tempt him to decide an outcome on the basis of fear rather than considerations authorized by law.  Presenting legal reasons to an official neither tempts him to decide an outcome on an unauthorized basis nor implicates the integrity of government.

---

[1] MODEL PENAL CODE § 240.2.

[2] *Id*. at 49.

[3] *Id*. at 50 (emphasis added).

[4] Opinion at 8, citing MODEL PENAL CODE §240.1- 240.7, Explanatory Note.

The commentary to the Model Penal Code offense notes that subsection (1)(d), which is analogous to our improper-influence statute, excludes from its reach attempts to influence legislators or ordinary executive officials because "[a]ll sorts of pleas for special favors are made to legislative and executive officials."[5] The reference to "pleas for special favors" seems clearly inconsistent with the Court's conclusion that the focus of the statute is on "the state of mind of the 'influencer.'"[6] The drafters' comment in this discussion that this "lobbying" of legislators is beyond the scope of the Model Penal Code implies that it is the "lobbying" of certain other public servants that is within the scope of the Model Penal Code.  It seems to me that "lobbying" is more about what is done and said than it is about one's motivation.

The Court makes a good point when it notes the Model Penal Code drafters' rejection of the suggestion that only "corrupt" attempts to influence be prohibited.  But the rationale given for this rejection seems to me internally inconsistent, as well as inconsistent with other parts of the commentary, such as the reference to "pleas for special favors."  Some members of the Institute feared that, without the "corrupt" requirement, the provision would jeopardize informal practices under which parties felt free to communicate relevant information to officials of administrative agencies.[7] The commentary assures us that application of the provision to "communications that are

---

[5] MODEL PENAL CODE §240.2, comment at 56.

[6]  Opinion at 18.

[7] MODEL PENAL CODE §240.2, comment at 56.

merely inappropriate rather than reprehensible" is precluded by the requirement of specific purpose.[8]

The focus is still on the communication itself.

In discussing the grading of punishment for this offense, the commentary refers to "[o]ther types of threats" that are "more akin to blandishments and entreaties . . . which will often present close questions of distinguishing between improper threats and proper attempts to persuade."[9] Again, the focus is on behavior—such as blandishments and entreaties—rather than the motivation of the accused.

I do not understand the Court's reliance on an unpublished Montana case.  Nowhere in the Montana case is the defendant's motivation to influence the jury at issue; the issue was simply whether jury nullification was a consideration authorized by law.[10]

The Court cites a number of cases interpreting 18 U.S.C. § 1503, which concerns obstruction of justice.  The usefulness of these cases is limited, though, by the different language of the federal provision (including a "corrupt" requirement).  Moreover, the fact that courts have interpreted federal law to make an otherwise-legal act criminal because of a defendant's motivation is not evidence that Texas legislators intended to do the same.

In resolving the issue in this case, the Court says, "The law does not authorize the dismissal

---

[8]  *Id.* at 57.

[9]  *Id.* at 59.

[10]  *Montana v. Holland*, No. CR-95-53, 1995 Mont. Dist LEXIS 929 (Mont. Dist. Ct. November 29, 1995).

of charges based on familial relationship to another."[11]  True, but appellant never asked anyone to dismiss charges based on a familial relationship.  The considerations on which appellant based his requests were considerations authorized by law.[12]

I respectfully dissent.

Filed: October 6, 2010
Publish

---

[11]  Opinion at 14.

[12]  The resolution of this specific case is complicated by issues such as whether the statements appellant made were true, and by the extent to which that matters. I do not attempt here to analyze any issue other than the Court's holding that "on the basis of [unauthorized considerations]" refers to what is in the defendant's mind rather than to what he says.